UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
PORSCHA C. DUNMORE,

                Plaintiff,         11-CV-6353

     v.                         **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                Defendant,
_____

## **INTRODUCTION**

Plaintiff, Porscha C. Dunmore ("Plaintiff"), brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671-2680 seeking damages for injuries sustained following a motor vehicle accident involving a vehicle operated by an United States Postal Service ("USPS") employee and another vehicle which struck Plaintiff as she was attempting to get into her parked vehicle. Plaintiff moves for summary judgment contending that the USPS employee, Tom LoBiondo ("LoBiondo"), was negligent and that his actions were the sole proximate cause of the accident. Defendant, the United States of America ("Defendant"), opposes the motion contending that there are material issues of fact which preclude summary judgment on the issue of proximate cause. This Court agrees. Therefore, the Plaintiff's motion for summary judgment is denied.

## **BACKGROUND**

The following facts are taken from the parties' submissions pursuant to Local Rule 56(a) and the Court's review of the entire

record. On January 3, 2011, Plaintiff was struck by a vehicle operated by Dimarys Ruiz ("Ruiz") after the vehicle driven by Ruiz was struck by a USPS vehicle operated by LoBiondo. The accident occurred at an intersection controlled by a traffic signal. Ruiz had the right of way and LoBiondo struck her vehicle after entering the intersection in an attempt to make a right turn through a red light. LoBiondo stopped at the red light and he testified that he first looked right then left before entering the intersection to make the turn. He did not see Ruiz's vehicle until he collided with it in the middle of the intersection. The left bumper of the USPS vehicle struck the center of the right side of Ruiz's vehicle between the passenger doors.

Plaintiff was struck while entering her parked vehicle on the right side of Ruiz's vehicle. Plaintiff suffered a serious injury to her leg that required amputation and several additional surgeries.

LoBiondo testified that he saw Ruiz's vehicle move left and then turn to the right. Ruiz testified that when her vehicle was struck on the right side the vehicle was pushed to the right. She testified that she attempted to avoid the accident by breaking and steering the car to the left. However, the accident happened quickly and she was unable to avoid hitting the Plaintiff.

**DISCUSSION**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. See Scott v. Harris, 550 U.S. 372, 379 (2007) (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587.).

To prevail on her claim against the Defendant, Plaintiff must prove that LoBiondo was negligent and that his negligence was the sole proximate cause of her injuries. See Steiner v. Dincesen, 95 A.D.3d 877, 877 (2nd Dep't 2012). Here, Defendant contends that there are questions of fact relating to whether LoBiondo's actions were the sole proximate cause of the Plaintiff's injuries. Defendants do not appear to contest that LoBiondo was negligent; rather, they contend that there are issues of fact as to whether Ruiz's actions following LoBiondo's collision with her vehicle contributed to the accident.

A reasonable jury could conclude that LoBiondo pushed Ruiz's car to the left and that Ruiz's attempt to correct her position forced her car to the right. Even if Ruiz had the right of way,

she "may be found to be comparatively negligent in causing an accident if [she did] not use reasonable care" to avoid the collision with the Plaintiff. Id. Further, even if LoBiondo "was negligent as a matter of law for violating the [New York] Vehicle and Traffic Law...there may nevertheless be more than one proximate cause of a traffic accident." Id. (citing Gause v Martinez, 91 A.D.3d 595 (2nd Dep't 2012); Lopez v Reyes-Flores, 52 A.D.3d 785, 786 (2nd Dep't 2008)). "The proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law. [T]he issue of comparative fault is generally a question for the trier of fact." Gause v Martinez, 91 A.D.3d 595 (2nd Dep't 2012)(internal citations omitted).

The Court finds that there are questions of fact as to whether LoBiondo's failure to yield the right of way to Ruiz was the sole proximate cause of Plaintiff's injuries. Accordingly, Plaintiff's motion for summary judgment is denied.

## CONCLUSION

For the reasons stated herein, the Court finds that there are material issues of fact which preclude summary judgment. Accordingly, the Plaintiff's motion is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ MICHAEL A. TELESCA
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         August 12, 2013